IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

MARTIN CALHOUN  *
    C/O George Harper
    14744 Main Street
    Upper Marlboro, MD 20772

    Plaintiff

vs.  *  Case No.: CAL 12-15952

PRINCE GEORGE'S COUNTY, MARYLAND
    SERVE: RUSHERN BAKER
    14741 Gov Oden Bowie Dr #5121
    Upper Marlboro Maryland 20772

and

OFFICER SCHWEINSBURG #3331
PGPD - DIST V
6707 Groverton Drive
Clinton, Maryland 20735

and  *

OFFICER BURROUGHS #2879
PGPD - DIST V
6707 Groverton Drive
Clinton, Maryland 20735

and  *

OFFICER LACOMBE #3110
PGPD - DIST V
6707 Groverton Drive
Clinton, Maryland 20735

and  *

OFFICER AVERY #2401
PGPD - DIST V
6707 Groverton Drive
Clinton, Maryland 20735

    Defendant

Case: CAL12-15952
NEW CASE
APP FEE PLAIN        10.00
CV CLERK FEE-        80.00
MD LEGAL SERV        55.00
TOTAL               145.00
Rest PG11    Rcpt # 70596
MMB    APH   Blk # 1929
May 18, 2012        07:58 am

1

## COMPLAINT
## AND
## ELECTION FOR TRIAL BY JURY

COMES NOW the Plaintiff, MARTIN CALHOUN, by and through counsel, and sues the Defendants, PRINCE GEORGE'S COUNTY, MARYLAND, OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 and, for the plaintiff's cause and causes of action, says as follows:

### JURISDICTION

1. This Honorable Court has jurisdiction over the causes of action against the defendant PRINCE GEORGE'S COUNTY, MARYLAND, under Courts and Judicial Proceedings Article, §6-102(a), Md. Ann. Code, as it is organized under the laws of the State of Maryland;

2. This Honorable Court has jurisdiction over the causes of action against all defendants, under Courts and Judicial Proceedings Article, §6-103(b)(3), Md. Ann. Code, because all defendants caused tortious injury in this State by acts committed in this State;

### VENUE

4. Venue is appropriate in this County, under Courts and Judicial Proceedings Article, §6-201(a), Md. Ann. Code, as the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 are persons employed in PRINCE GEORGE'S COUNTY, MARYLAND;

5. Venue is appropriate in this County, under Courts and Judicial Proceedings Article, §6-201(a), Md. Ann. Code, as the defendant PRINCE GEORGE'S COUNTY, MARYLAND carries on a regular business in Prince George's County;

### PARTIES

6. The plaintiff is a citizen of the United States;

7. The defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 IS/ARE Police Officers for PRINCE GEORGE'S COUNTY, MARYLAND;

8. PRINCE GEORGE'S COUNTY, MARYLAND is a Body Corporate and Politic, organized under the laws of this State;

### FACTS COMMON TO ALL COUNTS

9. On May 21, 2009, in PRINCE GEORGE'S COUNTY, MARYLAND, the plaintiff was approached by OFC LACOMBE #3110, with a police baton held high, as if ready for an assault upon the plaintiff, who then fled, was apprehended by the aforesaid police officers, and was beaten, about the head, body, and limbs, assaulted, battered, falsely imprisoned, and falsely arrested, by the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401;

10. On the same date, the defendants OFC SCHWEINSBURG #3331 filed a false and malicious statement of probable cause, with the District Court Commissioner, and thereby caused the issuance of false charges against the plaintiff, charges which later terminated in favor of the plaintiff;

11. As a proximate and foreseeable result of the defendants' conduct, the plaintiff suffered serious and painful injuries, including, but not limited to, bruises, lacerations, and contusions, suffered severe physical and mental pain and suffering, and incurred expenses for legal services as well as for hospital and physician care;

12. The plaintiff has provided timely written notice of the plaintiff's claims to the defendants, as indicated by the notice of claim attached hereto;

## COUNT ONE
(Maryland Constitutional Claim)

13. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

14. The apprehension and battery of the plaintiff by the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 constituted a seizure under Articles 24 and 26 of the Maryland Declaration of Rights, and the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 committed the acts alleged above with malice, hatred, and/or ill will, and without legal justification, and used unreasonable and excessive force in performing the aforesaid seizure of the plaintiff, violating the plaintiff rights under Articles 24 and 26 of the Maryland Declaration of Rights, by depriving him of his liberty without due process of law;

15. As a direct and proximate cause of the aforesaid violation of the plaintiff's rights under the Maryland Declaration of Rights, the plaintiff sustained a lacerated and/or broken lip, and bruises, the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against defendant the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 jointly and severally, in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT TWO
(Battery)

16. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

17. The aforesaid attack, seizure, apprehension, and beatings, were harmful and/or offensive intentional touchings of the plaintiff, without the plaintiff' consent, caused the plaintiff physical pain and/or injury or illness, and offended the plaintiff's reasonable sense of personal dignity;

18. The aforesaid attack, seizure, apprehension, and beatings, were performed with malice toward the plaintiff, with intent to inflict injuries, with improper motivations, and/or with ill will;

19. As a direct and proximate cause of the aforesaid batteries, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 jointly and severally in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT THREE
(False Arrest)

20. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

21. The defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 detained the plaintiff, ostensibly for the purpose of prosecuting the offender for a crime, but falsely and without legal justification, without probable cause, and without knowledge of facts and circumstances which would lead a reasonable person to believe the plaintiff had committed any offense;

22. The plaintiff did not consent to the aforesaid false arrest;

23. The plaintiff committed no felony or misdemeanor within the view of the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 who did not view and could not have viewed the plaintiff committing or attempting to commit a felony or misdemeanor;

24. The defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 had no probable cause to believe that a felony or misdemeanor was being committed in the plaintiff's presence or view, and he did not reasonably believe that the plaintiff had committed any offense;

25. The defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 committed the acts alleged above with malice, ill will, hatred, and/or gross, reckless disregard for the rights of the plaintiff;

26. As a proximate and foreseeable result of the aforesaid false arrest, the plaintiff was subjected to a deprivation of the plaintiff's liberty, suffered humiliation and degradation, and suffered mental anguish, pain, and suffering;

WHEREFORE, the plaintiff demands judgment against the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 jointly and severally in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT FOUR
(False Imprisonment)

27. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

28. The defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 intentionally restricted the freedom of movement of the plaintiff, while the plaintiff was aware of the restriction and without the plaintiff's consent, without probable cause, and without knowledge of facts and circumstances which would lead a reasonable person to believe the plaintiff had committed the offense;

29. The plaintiff neither committed nor attempted to commit a felony or misdemeanor in the presence or view of the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401;

30. The defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 had no probable cause to believe that a felony or misdemeanor was being committed in the plaintiff's presence or view, and he did not reasonably believe that the plaintiff had committed any offense;

31. The defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 committed the acts alleged above with malice, ill will, hatred, and/or gross, reckless disregard for the rights of the plaintiff;

32. As a proximate and foreseeable result of the aforesaid false imprisonment, the plaintiff was subjected to a deprivation of the plaintiff's liberty, suffered humiliation and degradation, and suffered mental anguish, pain, and suffering;

WHEREFORE, the plaintiff demands judgment against the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 jointly and severally in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT FIVE
(Malicious Prosecution)

33. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

34. On May 22, 2009, the defendant OFC SCHWEINSBURG #3331 filed a false and malicious statement of probable cause, with the District Court Commissioner, and thereby cause the issuance of false charges against the plaintiff, charges which were later terminated in favor of the plaintiff;

35. The defendant OFC SCHWEINSBURG #3331 began and commenced the aforesaid criminal proceeding against the plaintiff with malice and/or with a primary purpose of instituting a proceeding other than that of bringing an offender to justice and without probable cause;

36. The defendant OFC SCHWEINSBURG #3331 is responsible for starting the aforesaid criminal proceeding, because he directed or requested prosecution based on information which he knew to be false, and/or withheld information which a reasonable person would realize might affect the decision to prosecute, and/or gave inaccurate or incomplete information to those who prosecuted;

37. The defendant OFC SCHWEINSBURG #3331 acted without probable cause, without any reasonable grounds to believe in the plaintiff's guilt, and acted without any reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious person in believing that the plaintiff was guilty;

38. The defendant OFC SCHWEINSBURG #3331 committed the acts alleged above with malice, ill will, hatred, and/or gross, reckless disregard for the rights of the plaintiff;

39. As a proximate and foreseeable result of the aforesaid malicious prosecution, the plaintiff was subjected to a deprivation of the plaintiff's liberty, suffered humiliation and degradation, and suffered mental anguish, pain, and suffering, and was required to retain the services of an attorney, at great expense;

WHEREFORE, the plaintiff demands judgment against the defendant OFC SCHWEINSBURG #3331 in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT SIX
(Intentional Infliction of Emotional Distress)

40. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

41. The conduct of the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 alleged above, was intentional and/or reckless, and performed with malice, ill will, hatred, and/or gross, reckless disregard for the rights of the plaintiff;

42. The conduct of the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 alleged above, was extreme and outrageous;

43. The conduct of the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 alleged above, proximately and foreseeably caused severe emotional distress to the plaintiff;

WHEREFORE, the plaintiff demands judgment against the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 jointly and severally, in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT SEVEN
(Respondeat Superior)

44. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

45. The defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 WAS/WERE acting within the scope of the defendant's [defendants'] employment with PRINCE GEORGE'S COUNTY, MARYLAND, as a Police Officer, at the time he [they] committed the acts alleged above;

46. The defendant PRINCE GEORGE'S COUNTY, MARYLAND, had selected and engaged for employment OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 paid the Defendant's wages, possessed the power to dismiss him/them from employment, and possessed the power to control the Defendant's conduct, and the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 committed all of the acts alleged above with the express and/or implied authorization of the defendant PRINCE GEORGE'S COUNTY, MARYLAND;

47. As a result of the aforesaid acts, which were committed by the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401, while acting within the scope of the defendant's employment and duties as a police officer for the defendant PRINCE GEORGE'S COUNTY, MARYLAND, the plaintiff suffered injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against the defendant PRINCE GEORGE'S COUNTY, MARYLAND, in the amount of $10,000,000.00 in compensatory damages, and $10,000,000.00 in punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

### COUNT EIGHT
(Claim Against the defendant PRINCE GEORGE'S COUNTY, MARYLAND for Unconstitutional Custom and Practice)

48. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

49. The apprehension and battery of the plaintiff constituted a seizure under Articles 24 and 26 of the Maryland Declaration of Rights;

50. The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has failed to adequately train and supervise officers in the proper use of force, and this failure to properly train and supervise officers has fostered and encouraged the use of excessive force in making apprehensions, and demonstrates a gross disregard for the constitutional rights of Maryland citizens under Articles 24 and 26 of the Maryland Declaration of Rights, and was the proximate cause of the injuries sustained by the plaintiff, alleged above.

51. The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has consistently failed to properly investigate, document, and discipline police officers who use excessive force during the course of an apprehension; and this failure to investigate, document incidents, and discipline officers has fostered and encouraged the use of excessive force, and demonstrates a gross disregard for the rights of Maryland citizens, and was the proximate cause of the injuries to the plaintiff, alleged above;

52. The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has consistently failed to keep adequate records of the instances in which excessive force has been employed, and when such reports have been filed, they have been routinely destroyed, and, therefore, have not been available for use in monitoring and controlling individual police officers' employment of excessive force; and the lack of adequate record keeping has deterred the defendant PRINCE GEORGE'S COUNTY, MARYLAND from adequately formulating policies and procedures which would assure that force is used in a manner which is consistent with the Constitutional rights of members of the public; and this failure to properly record instances in which excessive force has been employed demonstrates a gross disregard for rights of citizens under Articles 24 and 26 of the Maryland Declaration of Rights, and was the proximate cause of the injuries to the plaintiff, alleged above;

53. The defendant PRINCE GEORGE'S COUNTY, MARYLAND,, through its agents, servants, and employees, has, knowingly, with malice, and with a deliberate indifference to correction, developed an unconstitutional custom, policy, pattern, procedure, practice, a persistent, widespread course of conduct by municipal officials and/or employees, that has become a traditional way of carrying out policy, and has acquired the force of law, even though the defendant PRINCE GEORGE'S COUNTY, MARYLAND has not formally adopted or

announced the custom of allowing officers to use excessive force, and has conspired to develop an illegal de facto policy of training its police officers to use excessive force;

54. Because the use of excessive force inflicts serious and life threatening injuries, the aforesaid custom, procedure, practice, and/or official policy, and the routine training in the use of excessive force, has amounted to a gross disregard of the rights of Maryland citizens under Articles 24 and 26 of the Maryland Declaration of Rights, and was the proximate cause of the plaintiff's injuries, alleged above, which were the direct, foreseeable, and proximate result of that illegal de facto policy and training;

55. As the direct and proximate result of the aforesaid acts of the defendant, the plaintiff suffered injuries, alleged above;

WHEREFORE, your plaintiffs demand judgment against, of, and from the defendant PRINCE GEORGE'S COUNTY, MARYLAND, in the amount of $10,000,000.00 compensatory damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT NINE
### (42 U.S.C. 1983)

56. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

57. The apprehension of the plaintiff by the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 constituted a seizure under Articles 24 and 26 of the Maryland Declaration of Rights, and under the Fourth Amendment tto the Constitution of the United States;

58. The defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 maliciously, and without legal justification, under color of Maryland State law, used unreasonable and excessive force in performing the aforesaid seizure of the plaintiff, depriving him of the plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights, and depriving him of the plaintiff's rights under the Fourth Amendment of the Constitution of the United States;

59. As a direct, foreseeable, and proximate result of the deprivation of the plaintiff's rights under the Fourth Amendment, the plaintiff sustained the injuries, alleged above.

WHEREFORE, the plaintiff demands judgment against the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401 jointly and severally, in the amount of $10,000,000.00 in compensatory damages and punitive damages in the amount of $10,000,000.00, plus the costs of this suit, including reasonable attorneys' fees, as allowed by law.

## COUNT TEN
### (42 U.S.C. 1983)

60. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

61. The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has failed to adequately train and supervise officers in the proper use of force, and this failure to properly train and supervise officers has fostered and encouraged the use of excessive force in making apprehensions, and demonstrates a gross disregard for the constitutional rights of Maryland citizens under Articles 24 and 26 of

the Maryland Declaration of Rights, and under the Fourth Amendment to the United States Constitution, and was the proximate cause of the injuries sustained by the Plaintiff, alleged above.

62. The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has consistently failed to properly investigate, document, and discipline police officers who use excessive force during the course of an apprehension; and this failure to investigate, document incidents, and discipline officers has fostered and encouraged the use of excessive force, and demonstrates a gross disregard for the rights of Maryland citizens, and was the proximate cause of the injuries to the plaintiff, alleged above;

63. The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has consistently failed to keep adequate records of the instances in which excessive force has been employed, and when such reports have been filed, they have been routinely destroyed, and, therefore, have not been available for use in monitoring and controlling individual police officers' employment of excessive force; and the lack of adequate record keeping has deterred the defendant PRINCE GEORGE'S COUNTY, MARYLAND from adequately formulating policies and procedures which would assure that force is used in a manner which is consistent with the Constitutional rights of members of the public; and this failure to properly record instances in which excessive force has been employed demonstrates a gross disregard for rights of citizens under the Fourth Amendment to the United States Constitution, and was the proximate cause of the injuries to the plaintiff, alleged above;

64. The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has, with malice, developed a custom, procedure, practice, and/or official policy, allowing officers to use excessive force, and has conspired to develop an illegal de facto policy of training its police officers to use excessive force, and because the use of excessive force inflicts serious and life threatening injuries, this aforesaid custom, procedure, practice, and/or official policy, amounted to a gross disregard of the rights of Maryland citizens under the Fourth Amendment to the United States Constitution, and was the direct, foreseeable, and proximate cause of the plaintiff's injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against the defendant PRINCE GEORGE'S COUNTY, MARYLAND, in the amount of $10,000,000.00 in compensatory damages, plus the costs of this suit, including reasonable attorneys' fees, as allowed by law.

by: _____
GEORGE HARPER   HA0229
Attorney for the Plaintiff
14744 Main Street, Suite 101
Upper Marlboro, Maryland 20772
(301) 627-2700

### ELECTION FOR TRIAL BY JURY

COMES NOW the Plaintiff, by and through counsel, and elects to have all issues herein tried before a jury.

by: _____
GEORGE HARPER