IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTIN CALHOUN                     :

                                                   :

    v.                               :    Civil Action No. DKC 12-2014

                                                   :

PRINCE GEORGE'S COUNTY,
MARYLAND, et al.                   :

**MEMORANDUM OPINION**

Presently pending and ready for review in this civil rights case is the motion to dismiss filed by Defendants Prince George's County ("the County") and Prince George's County Police Officers Paul Schweinsburg, Jason Avery, and Sean Burroughs (together, "the individual officers"). (ECF No. 29).[1] The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted without prejudice to Plaintiff's right to file an amended complaint within fourteen days.

**I.   Background**

The amended complaint alleges that on May 21, 2009, in Prince George's County, Plaintiff Martin Calhoun was:

_____

[1] On July 13, 2012, Defendants filed a suggestion of death as to Officer James Lacombe (ECF No. 13), and he was dismissed as a Defendant on November 19, 2012 (ECF No. 30).

> approached by OFC LACOMBE #3110, with a
> police baton held high, as if ready for an
> assault upon the plaintiff, who then fled,
> was apprehended by the aforesaid police
> officers, and was beaten, about the head,
> body, and limbs, assaulted, battered,
> falsely imprisoned, and falsely arrested, by
> the defendants OFC SCHWEINSBURG #3331, OFC
> LACOMBE #3110, OFC BURROUGHS #2879, OFC
> AVERY #2401.

(ECF No. 23 ¶ 5). Plaintiff alleges that, as a result, he suffered serious injuries that required medical attention. (*Id.* ¶ 7). Plaintiff also alleges that Officer Schweinsburg filed a false statement of probable cause, resulting in charges that were later resolved in Plaintiff's favor. (*Id.* ¶ 6).

On May 18, 2012, Plaintiff filed a complaint against Defendants in the Circuit Court for Prince George's County, Maryland. (ECF No. 2). Defendants removed the case to this court on July 6, 2012, based on federal question jurisdiction. (ECF No. 1). Plaintiff's initial complaint asserted ten constitutional and tort claims against Defendants. On July 13, Defendants moved to dismiss the complaint. (ECF No. 16). On July 31, Plaintiff filed a motion for leave to file an amended complaint (ECF No. 18), which was granted on August 13, 2012 (ECF No. 22). The amended complaint contains a single count alleging excessive force in violation of Plaintiff's Fourth Amendment rights and his rights under the Maryland Declaration of Rights, Articles 24 and 26. (ECF No. 23, ¶¶ 9-12). On

November 29, 2012, Defendants filed a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted. (ECF No. 29). Plaintiff opposed this motion (ECF No. 31), and Defendants replied (ECF No. 32).

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134

(4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. Analysis

Plaintiff purports to bring claims against the County and the individual officers under 42 U.S.C. § 1983 for violations of the Fourth Amendment to the United States Constitution, as made applicable to the states through the Fourteenth Amendment, and Articles 24 and 26 of the Maryland Declaration of Rights. Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege that "the conduct complained of was committed by a person acting under color of state law," and "this conduct deprived a person of rights, privileges, or immunities secured by the Constitution

4

or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Claims of "excessive force . . . in the course of an arrest, investigatory stop, or other seizure of a free citizen" should be evaluated "under the Fourth Amendment and its reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Henry v. Purnell*, 652 F.3d 524, 536 (4th Cir. 2011) (summarizing Maryland law and noting that the standard for analyzing excessive force claims under Articles 24 and 26 of the Maryland Declaration of Rights is "the same as for analyzing Fourth Amendment claims"). The "reasonableness standard" entails assessment of a variety of factors:

> The inquiry is "whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." [*Graham*, 490 U.S.] at 397. The relevant facts and circumstances include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. The reasonableness test "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id*. at 396.

*Felarca v. Birgeneau*, No. 11-5719, 2013 WL 663921, at *4 (N.D.Cal. Feb. 22, 2013).

## A.  Individual Officers' Liability

The entirety of Plaintiff's allegations is found in paragraph 5 of the complaint:

> On May 21, 2009, in Prince George's County, Maryland, the plaintiff was approached by OFC LACOMBE #3110, with a police baton held high, as if ready for an assault upon the plaintiff, who then fled, was apprehended by the aforesaid police officers, and was beaten, about the head, body, and limbs, assaulted, battered, falsely imprisoned, and falsely arrested, by the defendants OFC SCHWEINSBURG #3331, OFC LACOMBE #3110, OFC BURROUGHS #2879, OFC AVERY #2401.

(ECF No. 23 ¶ 5).  Plaintiff alleges that these officers were acting under the color of state law.  (*Id.* ¶ 11).

Plaintiff's factual allegations are far too conclusory to state an excessive force claim adequately.  Plaintiff fails to explain *any* of the facts or circumstances surrounding the use of force against him.  The sparse factual allegations and legal conclusions included in the amended complaint are not entitled to judicial deference.  *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (citations omitted).

Plaintiff asserts that there were four police officers involved in his apprehension, one of whom is no longer a party to the action.  He does not differentiate among the remaining three, but merely alleges that when he fled from Officer Lacombe, he was apprehended by all of them and "beaten about the

head, body, and limbs." He mentions no implements (whether batons or fists were used) and does not describe the nature of the beating (by time or number of blows). In a somewhat similar case, such meager facts were found to be insufficient:

> Plaintiff states Officer Haak "violently grabbed and handcuffed" him . . . There is not an outright ban on a police officer's use of force, but rather, "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." [*Graham*, 490 U.S. at 396]. The police officer's grab of Plaintiff to put handcuffs on him, in the style alleged here, does not rise to the level of excessive force. A police officer must make some contact with a person to effect an arrest, and Plaintiff has not provided anything more than the conclusory allegation that the grab was "violent" to support a claim that the officer's force here was excessive. Because Plaintiff has not provided any specific details that could give rise to an excessive force claim, the Court cannot allow this claim to proceed.

*Machie v. Manger*, No. AW-09-2196, 2010 WL 2132223, at *5 (D.Md. May 25, 2010). Although Plaintiff has amended his complaint once, he will be permitted an opportunity to supply enough factual detail to state a claim and the complaint against the three officers will be dismissed without prejudice to Plaintiff's right to file a second amended complaint.

**B.    Liability as to Prince George's County**

Even if Plaintiff had stated a plausible claim for the deprivation of his rights at the hands of the individual officers, his claim against the County would fail.  To recover against the County, Plaintiff must allege that the County was the "moving force" behind the deprivation of his rights, and that a "policy or custom" of the County, "played a part in the violation of federal law." *Graham*, 473 U.S. at 166.  Such a policy or custom may be found in "formal or informal *ad hoc* 'policy' choices or decisions" made by officials who are authorized to conceive of such policies. *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987).  Plaintiff does not identify any such policy or custom.  Indeed, the amended complaint does not make any factual allegations with respect to Defendant Prince George's County and the basis upon which Plaintiff attempts to state a cause of action against it.  Therefore, Plaintiff fails to state a claim against the County.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants Prince George's County, Paul Schweinsburg, Jason Avery, and Sean Burroughs, will be granted. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
